## Case No. 11,001.

### PERRY v. CORNELL.

[1 McA. Pat. Cas. 66; Cranch, Pat. Dec. 130.]

Circuit Court, District of Columbia.   June 23, 1847.

PATENTS—INTERFERENCE PROCEEDINGS — TAKING DEPOSITIONS—NOTICE—PRACTICE ON APPEAL.

[1. Depositions taken without notice to one of the parties to an interference cannot be used against him, unless he has waived his right to notice. And such waiver is not shown by the fact that he gave notice to the other party to produce the depositions before a commissioner for inspection and examination of counsel, and that he refused an offer of the other party to again have the witnesses before the commissioner for cross-examination, for he was entitled to be present at the examination in chief.]

[2. There is no impropriety in the patent office having present at the hearing on appeal one of its officers, who attends, not as counsel for the commissioner or the office, or as an advocate of either party, but for the purpose of explaining the commissioner's decision.]

[This was an appeal by Alonzo D. Perry from a decision of the commissioner of patents, in interference, awarding priority to Samuel G. Cornell in respect to an invention of an improvement in machines for making lead pipe.]

Chas. M. Keller, for appellant.
E. B. Stoughton, for appellee.
W. P. N. Fitzgerald, for commissioner.

CRANCH, Chief Judge. The first reason of appeal is, that the evidence does not show Cornell to be the first to conceive the idea of a machine such as he now claims. The question, therefore, is, what is the evidence? The counsel for Mr. Perry offered to the commissioner of patents the deposition of Robert J. Craig and twenty other witnesses taken without notice to this applicant, Samuel G. Cornell. These depositions, therefore, cannot be used against him, unless he has waived his right to notice and agreed to admit them to be read in evidence before the commissioner of patents. It is suggested that the notice given by Mr. Cornell's counsel to the other parties litigant to produce these depositions before a commissioner for inspection and examination by his counsel, and the offer by Mr. Perry to have witnesses again before the commissioner, to be cross-examined by Mr. Cornell's counsel, and his refusal to cross-examine them when produced, was equivalent to a waiver of notice. I am not, however, of that opinion. Mr. Cornell had a right to be present at the direct examination-in-chief. But it is said that the commissioner of patents has received these depositions in evidence; and as he decided in favor of Mr. Cornell, he cannot appeal upon that ground. But the commissioner in his judgment says it is unnecessary to decide the question raised in reference to the admissibility of the evidence, as its rejection would not vary the result. It is plain, therefore, that he did not decide that question. There is no evidence that Mr. Cornell or his counsel has ever agreed to admit these depositions as evidence against him. They must therefore be rejected. Mr. Keller, the agent of the defeated applicant, objects to my hearing any argument by an officer or counsel of the patent office. Heretofore it has been usual for some officer of the patent office to attend the hearings before the judge upon appeals from the judgment of the commissioner, and no objection to that course has been taken until this time. The officer who attends is not considered as counsel for the commissioner or for the office, and I should think he could not with propriety be considered as an advocate of either of the parties litigant. I have heretofore considered him as attending for the purpose of explaining the decision of the commissioner, and not as arguing the cause of either of the litigants. He can only appear as an officer of the department; as such, I shall always be willing to avail myself of his assistance in the investigation of the truth.

[Upon final hearing the decision of the commissioner of patents was affirmed.   Case No. 11,002.]